## S. E. MARONEY v. THE STATE.

No. 13374. Delivered May 28, 1930.
Reported in 32 S. W. (2d) 478.

The opinion states the case.

*Lockhart, Garrard & Brown* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen chickens; punishment, one year in the penitentiary.

Appellant presents by bill of exception but one complaint, viz.: the overruling of his application for a continuance. The application for continuance fails to state whether it is a first or subsequent application. A marginal statement in the transcript refers to same as appellant's second motion for continuance. We treat it as a subsequent motion. The application named eight witnesses as absent. In the qualification upon the bill presenting this complaint it is stated that all of said witnesses appeared but three, Proctor, Payne and Willis. Looking to the application, it states that appellant expects to show by Willis that he stayed all night with appellant on

the night of the alleged receiving of the stolen chickens, and that the appellant never left his home on that night at all. Looking to the statement of facts we observe that appellant was at his store late in the night on the night of the alleged reception of the stolen chickens, and that same were delivered to him there. Appellant and one or two of his witnesses affirm that he was at said store on said night. This leads us to conclude that if Willis had been present he would not have testified as stated in the application, or that if he had so testified the jury would not have believed him. Payne lived in New Mexico just across the Texas line. No effort appears to get the testimony of Payne either by personal appearance or deposition. The indictment was returned on August 28th, and appellant was arrested the same day. The case was set down for trial on September 12th, which was more than two weeks after the date of appellant's arrest. We see no reason or excuse for appellant's failure to show some effort to obtain the testimony of Payne. It is stated in the application that witness Proctor would testify that on Saturday before the chickens in question were stolen he was at appellant's place of business, and helped weigh and put in coops a number of chickens, and that the accused has reason to believe that the State would attempt to show that defendant did not have any chickens on hand in his coop before the date of the commission of the alleged offense except certain friers. We doubt the sufficiency of the diligence as to this witness, it appearing that subpoena was issued for him five days after the arrest of appellant, and that at the time the sheriff went to execute the process said witness had gone to New Mexico. Aside from the question of diligence, however, we fail to find in the statement of facts the testimony of any witness, in effect, that appellant had no chickens on hand at the time of the alleged receiving and concealing, except some friers. The boys who stole the chickens in question testified positively that after stealing them they delivered same, as per agreement with appellant, to him at his store on the night in question. None of them seem to have been asked in reference to what chickens appellant had in his coops at the store at the time. The chickens were subsequently identified by the owner and taken from possession of the party to whom appellant sold them. We are unable to agree that appellant's contention is well taken. It is contended in appellant's brief that there is no testimony aside from that of the accomplices tending to show that appellant knew the chickens were stolen when he received them. Appellant denied on

the witness stand that he bought the chickens in question, which were shown by the State's testimony to have been sold him on Sunday night. He affirmed that the last chickens he bought from anybody was on the Saturday before. A witness who had a produce house testified that on Tuesday morning following said Sunday he bought from appellant a number of chickens, being twenty-eight hens, sixteen friers and one rooster. That on that same day Mr. and Mrs. Hobbs, the owners of the chickens claimed to have been stolen and received by appellant, came to the place of business of witness and identified and claimed twelve of the hens and the rooster, which witness turned over to them. He stopped payment of the check given to appellant, but later paid him the purchase price of the remainder of the chickens bought. Appellant testified that he did not buy chickens from the alleged thieves and paid them no money for any, and that if stolen chickens were in his coop and among those sold by him, they were put in the coop without his knowledge or consent. This affirmative defensive theory was submitted to the jury. The State showed by witnesses not criminally connected with the transaction that appellant was at his store on the Sunday night in question, and that the boys alleged to have stolen and sold appellant the chickens, were also there, and that appellant told said boys if they would bring the chickens to his store he would buy them. This was late Sunday night. The boys who stole said chickens testified that they put thirteen of them in a sack and carried them from the place where they were stolen to a field not far from appellant's store. When they arrived at this point they looked in the sack and found that four of the chickens were dead. They were riding on a mule which they tied at this point and left while they carried the checkens down to appellant's store. These four dead chickens and mule tracks were located by other witnesses than those implicated. A witness testified that he heard appellant tell one of the alleged thieves that if he would steal chickens and bring them to him, he would buy them. We think the record not devoid of testimony other than that of the accomplices tending to connect appellant with the crime.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*